**Joel CIPES, d/b/a Joel Cipes Photography, Plaintiff,**

v.

**MIKASA, INC., Defendant.**

**No. CIV.A.02–12370 NMG.**

United States District Court, D. Massachusetts.

July 8, 2005.

---

1. It is presumed that plaintiff's citations to 28 U.S.C. § 1440(a) (which does not exist) were intended as citations to § 1404(a).

Leslie C. Allen, Frommer Lawrence & Haug, LLP, San Diego, CA, for Mikasa, Inc., Defendant.

Andrew D. Epstein, Barker, Epstein & Loscocco, Boston, MA, for Joel Cipes, Counter Defendant.

Matthew K. Ryan, Frommer Lawrence & Haug, New York City, for Mikasa, Inc., Joel Cipes, Defendants.

Leonard J. Santisi, Frommer Lawrence & Haug LLP, San Diego, CA, for Mikasa, Inc., Defendant.

Howard J. Susser, Burns & Levinson, Boston, MA, for Mikasa, Inc., Counter Claimant.

Merton E. Thompson, Burns & Levinson LLP, Boston, MA, for Mikasa, Inc., Defendant.

Daniel B. Trinkle, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC, Boston, MA, for Mikasa, Inc., Counter Claimant.

### MEMORANDUM & ORDER

GORTON, District Judge.

After a five-day jury trial, a unanimous jury awarded plaintiff $665,000 for copy-

right infringement. Defendant now moves for judgment as a matter of law or, in the alternative, for a new trial.

For years, Cipes, a professional photographer, and Mikasa had a relationship whereby Cipes would photograph Mikasa's products at Mikasa's request. Mikasa would use those photographs in its advertising materials and compensate Cipes for that use.

In early 1999, the relationship began to sour and the parties renegotiated Mikasa's use of, and Cipes's right to fees for, the photographs. A series of communications between Cipes and Mikasa executives culminated in a letter in which Cipes stated that "1999 prices for all new catalog photography will remain at current levels and carry no usage fees." The parties disagree as to the meaning of that sentence. Mikasa contends that the fee included its perpetual use of the photographs and that it would have the right to reuse the photographs, without additional payment, at any time in the future. Cipes contends that the agreement covered only subsequent use in 1999 and that any use in future years would be subject to additional licensing fees.

Mikasa continued to use the photographs, even after Cipes demanded that they cease doing so, and Cipes brought copyright infringement and breach of contract claims against Mikasa. He claimed that Mikasa breached the parties' contract by failing to pay him for use of the photographs and that Mikasa infringed his copyrights by using the photographs without license to do so.

The jury found that Mikasa infringed Cipes's validly registered copyrights and awarded him $665,000 for that infringement. It also found that Mikasa and Cipes entered into an enforceable contract for the use of Cipes's photographs but that Mikasa did not breach that contract and, hence, no damages were due on the contract claim.

Mikasa now moves, pursuant to Fed. R.Civ.P. 50(b), for judgment as a matter of law or, in the alternative, for a new trial. It seeks a judgment as a matter of law that an enforceable contract existed which allowed Mikasa to use Cipes's photographs indefinitely without paying additional usage fees. It also contends that the jury's findings with respect to contract infringement indicate that the jury could have found infringement of one only particular photograph, that the damages for infringement of that photograph could not possibly have been $665,000 and thus the jury's award of damages should be vacated except for an amount that the jury could have found with respect to that single photograph.

Cipes opposes Mikasa's motion and moves for the Court to amend the judgment to add prejudgment interest and costs and for injunctive relief.

## I. *Motion for Judgment as a Matter of Law or New Trial*

### A. Standard for Judgment as a Matter of Law

When confronted with a motion for judgment as a matter of law, a trial court must scrutinize the proof and the inferences reasonably to be drawn therefrom in the light most favorable to the nonmovant. *Gibson v. City of Cranston*, 37 F.3d 731, 735 (1st Cir.1994). In doing so, the court may not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of evidence. *Id.* Judgment as a matter of law may be granted only when

> the evidence, viewed from the perspective most favorable to the nonmovant, is so one-sided that the movant is plainly

entitled to judgment, for reasonable minds could not differ as to the outcome. *Id.*

## B. Discussion

■ At trial, plaintiff presented admissible evidence from which a jury could reasonably have found copyright infringement as to hundreds of photographs. His evidence, if credited, demonstrated that Mikasa used photographs that were taken by him (and as to which he held a valid copyright) without negotiating a license agreement for them or after any license he granted to Mikasa had been revoked. Indeed, Cipes introduced evidence that suggested that his photographs were still being used on Mikasa's website at the time of trial. The jury, therefore, could have found, as it did, that Mikasa infringed Cipes's copyrights, and although the jury was not asked how many photographs were infringed, the evidence would have supported a verdict that included a great number of photographs. The evidence was not "so one sided that [Mikasa] is plainly entitled to judgment", *see id.*, with respect to any of the alleged copyright infringements because reasonable minds could have reached the same outcome as did the jury, that is, that Mikasa infringed Cipes's copyrights.

Mikasa's argument that the jury verdict on the contract claim demonstrates that it found 1) that a contract between Cipes and Mikasa covered uses of the photographs after the year 1999, and 2) that Mikasa infringed Cipes's copyright only with respect to one photograph, is without merit and demonstrates a manifest misreading of both the jury charge and the verdict form. Mikasa suggests that it was undisputed that Cipes and Mikasa entered into a contract for the year 1999 and that the only disputed issue was whether the contract extended beyond that year. Indeed, the Court instructed the jury that

Cipes claims the parties entered into a contract for use of the photographs during the year 1999 only, while Mikasa claims that, if there was a contract, it provided that Mikasa, for consideration, could use the photographs in 1999 and in future years without paying additional usage fees.

However, contrary to Mikasa's implication, the jury was not asked whether Cipes and Mikasa had a valid contract for use of the photographs *after the year 1999*. Neither the Court's instructions nor the jury form presented such a question. The verdict form asked, simply, "Did Mikasa and Cipes enter into an enforceable contract for the use of Cipes's photographs for valuable consideration?" and the jury responded "Yes". The form then asked "Did Mikasa breach its contract with Cipes?", to which the jury responded "No". The jury could reasonably have found that the contract ceased to provide Mikasa with a license to use Cipes's photographs on December 31, 1999, or at any time thereafter, and that subsequent usage of the photographs did not constitute a breach of contract (because no valid contract existed) but did involve copyright infringement. If this was the case, the jury could have found infringement of hundreds of photographs. Such a verdict would have been supported by the evidence and will not be disturbed by this Court.

In addition, Mikasa contends that the jury verdict was based upon a number of alleged infringements that should not have been considered because the subject photographs were unregistered or improperly registered. On November 30, 2004, this Court denied Mikasa's motions for summary judgment with respect to alleged improperly registered copyrights. It recognized that in the First Circuit, "immaterial, inadvertent errors in an application

for copyright registration do not jeopardize the validity of the registration", *Data General Corp. v. Grumman Systems Support Corp.*, 36 F.3d 1147 (1st Cir.1994), and refused to rule, as a matter of law, that the registrations about which Mikasa complained were invalid.

At trial, Mikasa was permitted to introduce evidence from which it argued the invalidity of the registrations was demonstrated. The Court informed the jury that Mikasa contended that some of the copyright registrations were invalid, explained the relevant law concerning copyright registration and instructed the jury that it was not permitted to award damages for any infringement with respect to a copyright that was not validly registered. The Court presumes that the jury followed those instructions and awarded damages only for infringement of copyrights that it found were validly registered.

■ Considering all of the evidence presented, the jury's award of $665,000 was not excessive. The jury was instructed that copyright infringement damages include actual damages as well as the portion of the infringer's profits that were attributable to the infringement. Cipes presented evidence that Mikasa's infringement was widespread and included uses in bridal magazines and on its website and suggested that many of Mikasa's sales were due, at least in part, to those photographs. The amount of the verdict was supported by the evidence, was not excessive and, hence, will not be reduced.

## C. New Trial

A new trial will be granted only where the verdict is "against the clear weight of the evidence." *Newell Puerto Rico Ltd. v. Rubbermaid, Inc.*, 20 F.3d 15, 22 (1st Cir. 1994). As explained above, the verdict rendered by the jury in this case was not against the weight of the evidence and, therefore, a new trial is unwarranted.

## II. *Motion to Amend Judgment*

Cipes moves the Court to award him prejudgment interest, almost $35,000 in costs and injunctive relief. Mikasa did not oppose the motion, although it did file an opposition to Cipes's bill of costs.

■ Pursuant to M.G.L. c. 231 § 6B, prejudgment interest shall be awarded from the date this action was commenced. Such interest may be awarded in copyright infringement actions. *Data General Corp. v. Grumman Systems Support Corp.*, 825 F.Supp. 340, 347 (1993). The judgment will be amended to reflect the award of prejudgment interest.

Cipes's costs should be reimbursed Mikasa, pursuant to Fed.R.Civ.P. 54(d). Although Mikasa did not oppose Cipes's motion requesting costs, it filed an opposition to plaintiff's corrected bill of costs which sets forth in detail the reasons for which it believes most of Cipes's proffered costs are not recoverable. Cipes is directed to consider Mikasa's submission and, once post-trial motions and appeals, if any, are concluded, to file a revised bill of costs which shall contain only costs that are actually recoverable.

■ Finally, Cipes seeks an order directing Mikasa to return his photographs and for an injunction ordering Mikasa to cease using them. Such an order is warranted in light of the jury's verdict and Mikasa did not oppose Cipes's request. A permanent injunction will enter simultaneously with this Memorandum and Order.

## ORDER

In accordance with the foregoing:

1) Defendant's Renewed Motion for Judgment as a Matter of Law and

Alternative Motion for New Trial (Docket No. 138) is **DENIED**;

2) Plaintiff's Motion to Amend Judgment Under Fed.R.Civ.P. 59(e) to add prejudgment interest and costs, to order return of plaintiff's photographs and for an order enjoining defendant from continuing to use them (Docket No. 135) is **ALLOWED**;

3) the judgment shall be modified to include an award of prejudgment interest; and

4) a Permanent Injunction will enter.

**So ordered.**